AO 91 (Rev. 11/11) Criminal Complaint  AUSA Corey B. Rubenstein (312) 353-8880

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA

v.

BERNARD HARVEY, JR.

CASE NUMBER: **19 CR 644**

**MAGISTRATE JUDGE COX**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about August 13, 2019, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

*Code Section*

Title 18, United States Code, Section 922(g)(1)

*Offense Description*

Knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, namely one Ruger PC Carbine Model 19115 rifle bearing serial number 911-19809, which firearm had traveled in interstate commerce prior to defendant's possession of it.

**FILED**

AUG 1 3 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

This criminal complaint is based upon these facts:

__X__ Continued on the attached sheet.

ALEXIS D. FIGUEROA
Special Agent, Federal Bureau of Investigation (FBI)

Sworn to before me and signed in my presence.

Date: August 13, 2019

*Judge's signature*

City and state: Chicago, Illinois

SUSAN E. COX, U.S. Magistrate Judge
*Printed name and Title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, ALEXIS D. FIGUEROA, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been so employed for approximately four years. My current responsibilities include the investigation of violent crimes, including, among others, kidnaping, bank robbery, and the apprehension of violent fugitives.

2. This affidavit is submitted in support of a criminal complaint alleging that BERNARD HARVEY, JR. ("HARVEY") has violated Title 18, United States Code, Section 922(g)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging HARVEY with possessing a firearm as a prohibited person, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, interviews conducted of witnesses, and the review of surveillance footage obtained from the Jesse Brown VA Medical Center ("the VA Hospital").

4. Based on the information contained in this Affidavit, there is probable cause to believe that on or about August 12, 2019, HARVEY, knowing that he had

previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm that had been transported in interstate commerce, namely one Ruger PC Carbine Model 19115 rifle bearing serial number 911-19809, in violation of Title 18, United States Code, Section 922(g)(1).

I. **FACTS IN SUPPORT OF PROBABLE CAUSE**

   **A. August 12, 2019, arrest of HARVEY while in possession of a firearm**

5. On August 12, 2019, at approximately 2:27 p.m., the Chicago Police Department began to receive emergency 9-1-1 calls stating that a black male was shooting a gun near the southeast corner of the VA Hospital, located at 820 S. Damen Avenue, Chicago, Illinois. Surveillance footage from the VA Hospital depicts that shortly thereafter a black male wearing a white t-shirt and dark colored pants entered the Taylor Street entrance of the hospital while holding a rifle. Law enforcement subsequently identified this person as HARVEY, based on his Indiana State Identification card.[1]

6. At approximately that same time, law enforcement officers assigned to work at the hospital received communication from dispatch that an individual with a firearm was at the Taylor Street entrance of the hospital. The officers responded by proceeding from their location in the hospital to the Taylor Street entrance. According to those officers, while walking through the atrium, they encountered

---

[1] While in custody and under video and audio surveillance, I attempted to advise HARVEY of his Miranda rights. Because HARVEY did not appear to comprehend those warnings, I ceased any effort to conduct an interview of him and no statement was elicited from him.

2

HARVEY who was walking through the clinic area while holding the butt of a rifle in the air with the muzzle of the rifle pointed to the ground. Law enforcement officers ordered HARVEY to drop the rifle, which he did. The officers ordered HARVEY to the ground and he was placed under arrest. Law enforcement officers seized a Ruger PC Carbine Model 19115, 9 mm caliber rifle, which HARVEY had dropped to the ground.

7. Following HARVEY's arrest, additional law enforcement officers arrived at the VA Hospital to investigate. As part of their investigation, law enforcement recovered six 9mm caliber casings from the outside of the VA Hospital near the Taylor Street entrance and one 9mm caliber casing inside the VA Hospital, also near the Taylor Street entrance. Additionally, law enforcement observed two bullet holes in the building structure in that same proximity, one in the ceiling and one in the entrance door.

8. Law enforcement also interviewed a civilian witness who stated that he observed the following events just prior to HARVEY's arrest: The witness was standing on the corner of Taylor Street and Damen Avenue, which is at the southeast corner of the VA Hospital. He observed the person later identified by law enforcement as HARVEY firing a long gun multiple times as he was walking west on Taylor Street. He then observed a person in a vehicle unsuccessfully attempt to stop HARVEY with his vehicle. The witness then observed HARVEY enter the VA Hospital through the Taylor Street entrance.

3

### B. The Firearm Was Transported in Interstate Commerce

9. Based on an initial analysis by an FBI Certified Firearms Specialist, the Ruger PC Carbine Model 19115, 9 mm caliber rifle seized from HARVEY traveled in interstate commerce prior to HARVEY's possession of the firearm on August 12, 2019. According to information provided by the Bureau of Alcohol, Tobacco and Firearms, the Ruger was manufactured in New Hampshire, and was reported stolen from a Federal Firearms Licensee in Indiana on or about July 27, 2019.

### C. HARVEY's Felony Convictions

10. On August 12, 2019, I reviewed a criminal history report for HARVEY, which included the following prior felony convictions: (a) March 15, 2005 conviction (Circuit Court of Cook County) for being a felon in possession of a firearm, for which HARVEY was sentenced to 4 years' imprisonment; (b) December 14, 2000 conviction (Circuit Court of Cook County) for manufacturing/delivering dangerous drugs, for which HARVEY was sentenced to 6 years' imprisonment; and (c) April 6, 1998 conviction (Circuit Court of Cook County) for unlawfully possessing a firearm, for which HARVEY was sentenced to 150 days in jail, 2 years in probation, and public service. Additionally, I have reviewed the Illinois Department of Corrections' Mittimus records, which reflect that HARVEY was in IDOC custody from March 2, 1999, through December 2, 2003, and again from August 4, 2004, through January 30, 2009. Those records also reflect that HARVEY was periodically transferred for inpatient psychiatric care.

4

FURTHER AFFIANT SAYETH NOT.

_____
ALEXIS D. FIGUEROA
Special Agent, Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me on August 13, 2019.

_____
SUSAN E. COX
United States Magistrate Judge